**UNITED STATES of America,**
**Appellee,**

v.

**William H. SPENCER, and Paul Boghosian, Defendants–Appellants.**

**Nos. 06–2517–cr(L), 06–2519–cr(CON).**

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

Jimmie Engram, Bronx, NY, for Defendant–Appellant William H. Spencer.

Edward S. Zas, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant Paul Boghosian.

William J. Stellmach, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Southern District of New York, on the brief, Katherine Polk Failla, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Following a jury trial in the United States District Court for the Southern District of New York (Preska, *J.*), Defendants–Appellants William H. Spencer ("Spencer") and Paul Boghosian ("Boghosian") were convicted of conspiracy to commit bankruptcy fraud, 18 U.S.C. §§ 157 and 371. Boghosian was also convicted of commercial bribery, 18 U.S.C. § 1952(a)(3). The district court sentenced Spencer to 51 months' imprisonment and Boghosian to 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ Citing an opinion issued by this Court after the charge in this case was delivered, *United States v. Brutus*, 505 F.3d 80 (2d Cir.2007), Boghosian contends that the district court's interested-witness instruction was erroneous and prejudicial because it stated that his interest in the outcome of the trial created a motive to testify falsely.

"We generally review challenged jury instructions *de novo*, reversing only if the charge, taken as a whole, was prejudicial." *Brutus*, 505 F.3d at 85 (citing *United States v. Bok*, 156 F.3d 157, 160 (2d Cir. 1998)). We therefore review any errors for harmlessness. *See Neder v. United States*, 527 U.S. 1, 8–10, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *see also United States v. Gaines*, 457 F.3d 238, 250 (2d Cir.2006).

■ The district court instructed the jury that "a defendant has a deep personal interest in the outcome of his prosecution" and such "[i]nterest creates a motive for false testimony[.]" This charge is virtually identical to the charge in *United States v. Brutus*, which we held "undermines the presumption of innocence because it presupposes the defendant's guilt." *Brutus*,

505 F.3d at 87 (citing *Gaines*, 457 F.3d at 246–47). As in *Brutus*, this erroneous charge cannot be "'balanced' by other, more favorable language," such as the district court's instruction that Boghosian may have testified truthfully despite his interest in the outcome of the trial. *Brutus*, 505 F.3d at 87.

■ As this error was of constitutional magnitude, we inquire "'whether there is a reasonable possibility that the [error] complained of might have contributed to the conviction.'" *Id.* at 88 (quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (alteration in original)). We respond in the affirmative because "[t]his was a close case" that "boiled down to the credibility of [Boghosian's] testimony." *Gaines*, 457 F.3d at 250. Boghosian's sole defense at trial was his good faith reliance on Spencer's representations. His testimony supported this defense: Boghosian testified that he disregarded the online comments about Spencer because they were unsubstantiated; Spencer's associates assured Boghosian that Spencer had sufficient financial resources to fund the reorganization plan; Boghosian could not verify Spencer's representations by contacting ABN Amro because the bank would not release information to a third party; and Boghosian was skeptical of the undercover agent's assertion that Spencer was a "crook" with "bogus" documentation. If the jury credited this testimony—or even if it found Boghosian careless, negligent, or foolish, but still honest—it would have concluded that he did not conspire to commit bankruptcy fraud. Because the erroneous interested-witness charge went directly to the heart of the matter submitted to the jury, there is a reasonable possibility that it contributed to the conviction. We therefore vacate Boghosian's conspiracy conviction and remand for retrial.

However, we affirm Boghosian's commercial bribery conviction. Boghosian testified that he interpreted the undercover agent's characterization of their agreement—as "essentially stealing" from the hedge fund—to be merely an attempt to drive up the price. Boghosian also testified that he sent a counteroffer to the agent the following day, rather than an acceptance. These explanations are belied by the videotape recording of Boghosian agreeing to wire $500,000 to the agent's personal offshore account and by Boghosian's transmittal of a signed promissory note reflecting the terms proposed by the agent. This evidence was independent of Boghosian's testimony and was therefore untainted by the erroneous interested-witness charge, permitting us to conclude that there is no "reasonable possibility" that the error contributed to Boghosian's commercial bribery conviction. *Brutus,* 505 F.3d at 88.

Accordingly, we vacate Boghosian's conspiracy conviction and remand for retrial, and we affirm his commercial bribery conviction.

There is evidence supporting Spencer's conspiracy conviction that is independent of Boghosian's testimony. However, the only conspiracy proved at trial is a two-person conspiracy between Spencer and Boghosian; so it is hard to confine the impact of the charge to Boghosian's conspiracy conviction alone. Moreover, at oral argument the government stated that vacatur of Boghosian's conspiracy conviction would justify vacating Spencer's conviction as well. We therefore vacate Spencer's conviction and remand to the district court for retrial. We decline to address Spencer's ineffective assistance of counsel and Sixth Amendment claims.

The judgments of the district court are hereby **AFFIRMED** in part and **VACATED** and **REMANDED** in part.