09-1195-cr
United States v. Spencer

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-fifth day of January two thousand and ten.

PRESENT:

> José A. Cabranes,
> Rosemary S. Pooler,
> Gerard E. Lynch,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

United States of America,

> *Appellee,*

> v.                                                           No. 09-1195-cr

William Spencer,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          Clifford J. Barnard, Boulder, CO

1

FOR APPELLEE:                                    WILLIAM J. STELLMACH, Assistant United States
                                                 Attorney (Preet Bharara, United States Attorney, and
                                                 Katherine Polk Failla, Assistant United States
                                                 Attorney, *of counsel*), Office of the United States
                                                 Attorney for the Southern District of New York,
                                                 New York, NY

Appeal from a judgment of the United States District Court for the Southern District of
New York (Loretta A. Preska, *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant William Spencer ("Spencer" or "defendant") appeals from a judgment of
conviction entered on March 6, 2009 following a six-day jury trial. Spencer was convicted of one
count of conspiracy to commit bankruptcy fraud in violation of 18 U.S.C. § 371 and sentenced
principally to a term of 51 months' imprisonment. Spencer was originally tried and convicted in
2005, but that conviction was vacated based on an intervening decision of the Second Circuit
relevant to the District Court's "interested-witness" instruction. *See United States v. Spencer*, 267 F.
App'x 35 (2d Cir. 2008) (summary order). We assume the parties' familiarity with the remaining
factual and procedural history of this case.

On appeal, Spencer argues that (1) the District Court erred in denying his motion to depose
a witness pursuant to Fed. R. Crim. P. 15 and (2) his sentence of 51 months' imprisonment was
unreasonable in light of his personal circumstances and the lesser sentence imposed on his co-
defendant.

## I.      Denial of Spencer's Motion to Depose Julian Rosy

We review the District Court's decision to grant or deny a motion to take a deposition in a
criminal case for abuse of discretion. *See United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984); *cf.*
*Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its
ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or
rendered a decision that cannot be located within the range of permissible decisions." (internal
citations, alterations, and quotation marks omitted)). Rule 15 of the Federal Rules of Criminal
Procedure provides, in relevant part, that "[a] party may move that a prospective witness be deposed
in order to preserve testimony for trial. The court may grant the motion because of exceptional
circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "It is well-settled that the
'exceptional circumstances' required to justify the deposition of a prospective witness are present if
that witness' testimony is material to the case and if the witness is unavailable to appear at trial."

2

*Johnpoll*, 739 F.2d at 709. Thus, the moving party "must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001).

Eighteen days prior to trial, Spencer moved pursuant to Rule 15 to take the deposition of Julian Rosy ("Rosy"), a resident of South Africa. According to Spencer, Rosy's testimony would have corroborated his defense that he genuinely believed that certain fraudulent documents he submitted to the United States Bankruptcy Court for the District of Hawaii were authentic and that his representations about having access to $500 million were true. Spencer made the following proffer concerning Rosy's testimony: Rosy would (1) testify about his relationship with Spencer, (2) explain the origins of a $500 million "bank guarantee" and how Spencer became the beneficiary of that guarantee, (3) discuss Rosy's due diligence on the guarantee, (4) testify about his discussions with Spencer regarding the due diligence Rosy, Spencer, and others performed and testify about Rosy's belief in the authenticity of the guarantee, (5) lay a foundation for the admission of financial documents that Spencer submitted in connection with his sentencing after his first trial, and (6) explain the circumstances surrounding Spencer's attempt to sell loan guarantees on behalf of Rosy in 1997, if the District Court permitted the government to introduce evidence concerning those guarantees.

We conclude that the District Court's denial of Spencer's motion to take the deposition of Rosy was not an "abuse of discretion." Even assuming that (1) Rosy's conclusory affidavit—stating that he could not travel to New York during the dates of trial—established his unavailability and (2) Spencer made a good faith effort to produce Rosy at trial, we agree with the District Court that Rosy's testimony was not material and was not necessary to avoid a miscarriage of justice.

The government's case was based on allegedly fraudulent representations that Spencer made during proceedings in the Bankruptcy Court. Among them was that he was the beneficiary of a trust which held $500 million in "cash assets" that could be used to finance a reorganization plan he supported. J.A. 754. Thus, the authenticity of a "bank guarantee" that Rosy would purportedly have testified to was irrelevant to whether Spencer's representations about access to cash assets were accurate. Spencer's counsel explained to the District Court that "Mr. Rosy will testify to, that if a person has a valid, legitimate $500 million guarantee from a bank, that is a document that can be taken to other banks and large quantities of money can be borrowed against that guarantee." J.A. 125. Spencer, however, did not represent to the Bankruptcy Court that he had the means to borrow large sums of money but, rather, that he had $500 million in *cash assets* at his disposal and that he "possess[ed] full and complete legal title and unlimited authority as Trustee for Trust to commit, pledge, hypothecate, place and/or invest the Funds as I so choose and/or decide." J.A. 755. Thus, if anything, Rosy's testimony would have only further confirmed that Spencer misrepresented the state of affairs to the Bankruptcy Court.

3

Accordingly, in the circumstances presented, we are satisfied that the District Court's denial of Spencer's motion to take the deposition of Rosy was not an "abuse of discretion." For these same reasons, we conclude that Spencer's constitutional rights to due process of law and compulsory process were not violated. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (explaining that a violation of the right to compulsory process requires a showing that the excluded testimony "would have been both material and favorable to his defense").

## II.     Reasonableness of Spencer's Sentence

Following *United States v. Booker*, 543 U.S. 220 (2005), a district court has broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence." *United States v. Sanchez*, 517 F.3d 651, 660 (2d Cir. 2008); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Accordingly, the role of the Court of Appeals is limited to examining a sentence for reasonableness, which is akin to review under an "abuse of discretion" standard. *See Cavera*, 550 F.3d at 187-88; *see also Gall v. United States*, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."); *cf. Sims*, 534 F.3d at 132. This standard "applies both to the [substantive reasonableness of the] sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted). We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

Here, we find no error in the District Court's decision to impose a sentence of 51 months' imprisonment—a sentence that was at the low end of Spencer's Guideline sentence range. The District Court carefully considered the 18 U.S.C. § 3553 factors, including the defendant's personal characteristics,[1] but concluded that they did not warrant a below-Guidelines sentence.

With respect to disparity, Spencer argues that the District Court erred in sentencing him to 51 months' imprisonment while his co-defendant received only a 24 month sentence. It is apparent from the record before us that the District Court considered the disparity between Spencer and his co-defendant but found it to be warranted in light of the fact that the two were not similarly situated. *See United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006) ("[W]e hold that . . . a disparity between *non-similarly situated* co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)."). Spencer's co-defendant was "fully cooperative," and "showed full remorse," J.A.

---

[1] The District Court noted that it was hindered in this regard by defendant's failure to cooperate with the United States Probation Office ("USPO"). To the extent the District Court declined to consider personal information that was withheld from the USPO, and therefore could not be corroborated, we find no error in its approach.

1057, whereas Spencer refused to cooperate with the Probation Office prior to sentencing. Far from being unreasonable, a disparity in such circumstances is not surprising.

We therefore conclude that the District Court did not err in imposing a 51 month sentence.

**CONCLUSION**

We have considered all of defendant's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court