13-525-cr(L)
*United States v. Bontzolakes*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fourteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

      v.                                              No. 13-525-cr(L)
                                                         No. 13-4182-cr(CON)

JACQUELINE BONTZOLAKES,

    *Defendant-Appellant.*

---

**FOR JACQUELINE BONTZOLAKES:**   JAYME L. FELDMAN, Of Counsel (Marianne Mariano, *on the brief*), Federal Public Defender's Office, Buffalo, NY.

**FOR UNITED STATES OF AMERICA:**   MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Billy Roy Wilson, *Judge*).[*]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Jacqueline Bontzolakes appeals from the District Court's January 28, 2013 judgment convicting her, after a jury trial, of two counts of international parental kidnapping, in violation of 18 U.S.C. § 1204(a), and one count of making false statements, in violation of 18 U.S.C § 1001(a)(1), and sentencing her principally to 18 months' imprisonment and 2 years' supervised release. Bontzolakes also appeals from the District Court's October 22, 2013 order denying her challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), following our remand to the District Court to conduct a "reconstruction hearing." *See United States v. Bontzolakes*, 536 F. App'x 41 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

### I. *Batson* Challenge

We previously concluded that Bontzolakes established a *prima facie* case of sex discrimination and that the District Court properly inquired into the Government's sex-neutral justifications. *See id.* at 43. We remanded to the District Court to conduct a "reconstruction hearing" as to the "the third step of the *Batson* inquiry, which requires a district court to make 'an ultimate determination on the issue of discriminatory intent based on all the facts and circumstances.'" *Id.* at 43–44 (quoting *United States v. Alvarado*, 923 F.2d 253, 256 (2d Cir. 1991)). Following a reconstruction hearing, "we will accord deference to the reconstructing court's credibility assessments." *Jordan v. Lefevre*, 293 F.3d 587, 594 (2d Cir. 2002); *see also Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011). "When the reconstruction hearing has been conducted by the district judge, his findings of fact may not be set aside unless they are clearly erroneous." *Jordan*, 293 F.3d at 594. "[W]e have repeatedly said that a trial court must somehow make clear whether [it] credits the non-moving party's [sex]-neutral explanation for striking the relevant panelist." *Dolphy v. Mantello*, 552 F.3d 236, 239 (2d Cir. 2009) (internal quotation marks omitted). Although the court must "explicitly adjudicat[e]" the issue of pretext, *Jordan v. Lefevre*, 206 F.3d 196, 200 (2d Cir. 2000), the court need not "make intricate factual findings in connection with its ruling in order to comply with *Batson*," *Messiah v. Duncan*, 435 F.3d 186, 198 (2d Cir. 2006). *See also McKinney v. Artuz*, 326 F.3d 87, 100 (2d Cir. 2003) ("Although reviewing courts might have preferred the trial court to provide express reasons for each credibility determination, no clearly established federal law required the trial court to do so.").

[*] The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Upon review of the record and relevant law, we conclude that the District Court did not clearly err in crediting the Government's sex-neutral explanations for exercising five of its peremptory challenges against female jurors and denying Bontzolakes's *Batson* challenge. The District Court solicited and carefully listened to the Government's sex-neutral justifications, as well as Bontzolakes's arguments that those justifications were pretextual. Given the domestic issues central to this case, it was not impermissible for the District Court to credit the Government's explanations that the struck female jurors or their close family members were single parents, convicted criminals, or had experienced divorce, custody fights, or child abuse. Nor was it impermissible for the District Court to credit the Government's explanation that one of the female jurors had worked as a legal assistant for a lawyer. The District Court was entitled—and in the best position—to find that the prosecutor's statements "had a ring of truth to them," were plausible grounds for exercising the peremptory strikes, and were not a pretext for discrimination. *See Hernandez v. New York*, 500 U.S. 352, 365 (1991) ("As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province." (internal quotation marks omitted)).

## II. Denial of Motion for Judgment of Acquittal

We review a denial of a motion for judgment of acquittal *de novo. See United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). In doing so, we view "the evidence in the light most favorable to the Government" and defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses. *Id.* "The conviction must be upheld if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* at 105 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Upon *de novo* review, we conclude that the District Court properly denied Bontzolakes's motion for judgment of acquittal. In making her affirmative defense, Bontzolakes was required to prove that she was "fleeing an incidence or pattern of domestic violence." 18 U.S.C. § 1204(c)(2). Bontzolakes was allowed to present ample evidence of her "history as a victim of physical and sexual domestic violence," including her testimony that she was abused as a child by her mother's boyfriend, and as an adult by the father of one of her daughters, Mr. Green. Appellant's Br. 39. Her testimony was evaluated by an expert, Dr. Charles Ewing, who "determined Ms. Bontzolakes was credible and was 'surely' affected by a pattern of domestic violence." *Id.* As it was entitled to do, the jury simply did not credit defendant's version of the facts over that of the prosecution. As the District Court found, a reasonable jury could have concluded that the abuse from Mr. Green was too remote in time for her to be "fleeing" the abuse. And a reasonable jury could also have concluded that the filing of "countless petitions" in family court by the two fathers of defendants' children did not constitute a sufficient "incidence or pattern of domestic violence." Accordingly, the District Court's denial was entirely proper.

3

## III. Evidentiary Rulings

We review evidentiary rulings for abuse of discretion. *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). "To find such abuse, we must conclude that the trial judge's evidentiary rulings were arbitrary and irrational." *Id.* (internal quotation marks omitted). Furthermore, we will reverse only if the government is unable to demonstrate that the error was harmless. *United States v. Madori*, 419 F.3d 159, 168 (2d Cir. 2005).

The District Court did not abuse its discretion in precluding evidence that an uncle of one of the daughters had been convicted of rape and was a registered sex offender. The District Court found that there was no evidence that the uncle had ever harmed or threatened the child in any way, and it was entitled to preclude the evidence as either irrelevant or more prejudicial than probative.

The District Court also did not abuse its discretion in precluding one of the daughter's school records, which contained reports of suspected child abuse. The District Court allowed extensive witness testimony on the subject, and any error in denying admission of the school records was harmless.

Finally, the District Court did not abuse its discretion in denying defendant's request to subpoena a witness "to testify about an incident when Mr. Green assaulted [defendant] in 2001." Appellant's Br. 52. As the District Court found, this testimony was "remote," having occurred nine years prior to the offense conduct, and involved only one incident the witness overheard on the phone. Moreover, it was duplicative of defendant's own testimony that the witness had overheard the same incident.

On this record, we cannot find that the District Court abused its discretion.

## IV. Reasonableness of the Sentence

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 189–90 (2d Cir. 2008) (en banc). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). *See generally United States v. Park*, 758 F.3d 193, 199–201 (2d Cir. 2014).

The District Court did not commit procedural error in applying a three-level enhancement for "substantial interference with the administration of justice" pursuant to U.S.S.G. § 2J1.2(b)(2).

The record shows that Bontzolakes fled the country with her children a week before a custody hearing was scheduled to take place in family court. *See United States v. Amer*, 110 F.3d 873, 885 (2d Cir. 1997) (finding that "self-help" act of removing children to avoid custody proceeding could serve as basis for substantial-interference enhancement); *see also United States v. Newman*, 614 F.3d 1232, 1236–38 (11th Cir. 2010) (same). Contrary to defendant's assertion, this enhancement is supported by the particular facts of this case and does not result in a "per se" application to anyone convicted of 18 U.S.C. § 1204. *See Newman*, 614 F.3d at 1237.

The District Court also did not fail to adequately explain its principal sentence of 18 months' imprisonment, which fell far below the guidelines range of 30 to 37 months. The District Court accepted extensive submissions from Bontzolakes and stated that it had considered "all the letters and the statements." It stated further that it had considered all of the § 3553(a) factors, particularly highlighting the need for deterrence. It was not required to "utter robotic incantations repeating each factor that motivates a sentence." *Park*, 758 F.3d at 197 (internal quotation marks omitted).

Finally, the District Court's below-guidelines sentence of 18 months' imprisonment was also substantively reasonable. Considering the totality of the circumstances, including the nature of defendant's criminal activity and the District Court's emphasis on deterrence, we cannot conclude on this record that the District Court's sentence was outside "the range of permissible decisions" or otherwise an abuse of discretion. *Id.* at 200; *Cavera*, 550 F.3d at 189.

## CONCLUSION

We have considered all of the arguments raised by defendant on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's January 28, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk