15-2028-cr
*United States v. Epskamp*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand sixteen.**

PRESENT:  JOSÉ M. CABRANES,
          CHESTER J. STRAUB,
          RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     -v.-                                                    15-2028-cr

NICOLAS EPSKAMP, ALSO KNOWN AS SEALED DEFENDANT 2,

     *Defendant-Appellant.***

---

* The Clerk of Court is respectfully requested to amend the caption to read as shown above.

_____

FOR APPELLANT: AVROM ROBIN (Ira D. London, *on the brief*), Law Offices of London & Robin, New York, NY.

FOR APPELLEE: SHANE T. STANSBURY (Ian McGinley, Anna M. Skotko, *on the brief*), Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the district court judgment is **AFFIRMED**.

Defendant-Appellant Nicholas Epskamp appeals from a judgment entered June 24, 2015. Epskamp was convicted under both counts of a two-count superseding indictment charging him with (1) conspiracy to possess with intent to distribute a controlled substance on board an aircraft registered in the United States, in violation of 21 U.S.C. §§ 812, 959(b)(2), 960(a)(3), 960(b)(1)(B), and 963; and (2) possessing with intent to distribute a controlled substance on board an aircraft registered in the United States, in violation of 21 U.S.C. §§ 812, 959(b)(2), and 960(b)(1)(B), and 18 U.S.C. § 2. Epskamp's appeal raises five issues, two of which we address separately in an Opinion to be filed simultaneously with this

Summary Order. The three issues we address in this Summary Order concern (1) Epskamp's challenge to the sufficiency of the evidence produced against him at trial; (2) the District Court's decision to deny him a minor role sentencing reduction pursuant to U.S.S.G. § 3B1.2(b); and (3) the claimed violation of Epskamp's Fifth and Sixth Amendment rights stemming from the government's alleged failure to assist in arranging for the testimony of an exculpatory witness incarcerated in the Federal Republic of Germany. For the reasons below, and those provided in the Opinion issued simultaneously with this Summary Order, we reject Epskamp's various challenges and AFFIRM the judgment of the District Court.[1]

**I.     The Evidence At Trial Was Sufficient To Sustain a Conviction**

Although we review claims of insufficiency *de novo*, *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014) (per curiam), it is well recognized that "a defendant mounting such a challenge bears a heavy burden" because "in assessing whether the evidence was sufficient to sustain a conviction, we review the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses'

---

[1] We assume the parties' familiarity with the facts and record below, which are discussed at greater length in the Opinion filed simultaneously with this Summary Order. We reference the facts and record here only as needed to explain our decision.

3

credibility." *Id.* (internal quotations and citations omitted). Accordingly, we must sustain the jury's verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Reviewing the record in the light most favorable to the government, we find that more than ample evidence was presented to support conviction, including the testimony of both Pako Podunajec—who testified that he and Epskamp repeatedly discussed the specificities of the drug transaction at issue—and Carlos Medina—who testified as to Epskamp's behavior on the day of the aircraft's intended departure and as to the existence of the 1,000 kilograms of cocaine aboard the aircraft. Moreover, contrary to Epskamp's claim and as explained in greater detail in our accompanying Opinion, the government was not required to introduce any evidence establishing that Epskamp knew the aircraft involved was registered in the United States. Accordingly, we reject Epskamp's claim that insufficient evidence existed to sustain a guilty verdict on both counts.

## II. The District Court Did Not Abuse Its Discretion in Denying Epskamp a Minor Role Reduction

The Sentencing Guidelines permit a sentencing court to reduce a defendant's base offense level by two levels if the offender was a "minor participant," meaning that they are "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b) & n.5. "A defendant who claims minor participation must establish by a preponderance of the evidence that he or she is entitled to a reduction due to his or her reduced level of culpability." *United States v. Soto*, 959 F.2d 1181, 1187 (2d Cir. 1992).

In reviewing a district court's decision to grant or deny a minor participant reduction, we first determine whether the sentencing challenge presents "primarily an issue of fact warranting 'clearly erroneous' review or primarily an issue of law warranting '*de novo*' review." *United States v. Vasquez*, 389 F.3d 65, 75 (2d Cir. 2004). Because Epskamp's challenge exclusively concerns the District Court's characterization of facts, our review here is governed by the clearly erroneous standard.

Our review of the record reveals that the District Court did not clearly err in its determination. The mere fact that Epskamp played a discrete role as

courier does not mean that his role was necessarily minor. *See, e.g., United States v. Kerr*, 752 F.3d 206, 223 (2d Cir.) *as amended* (June 18, 2014), *cert. denied*, 135 S. Ct. 388 (2014); *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir. 1990) (per curiam). We find no support in the record for the proposition that the District Court clearly erred in its conclusion.

**III.    Epskamp Was Not Denied Fifth or Sixth Amendment Rights**

Epskamp's final argument is that he was denied due process and compulsory service due to the alleged failure of the government to secure the testimony of an individual incarcerated in another country.

In reviewing a claimed due process violation, "we review the district court's factual determinations for clear error," while "[t]he constitutional significance of those findings, including the ultimate determination of whether due process has been violated, is reviewed *de novo*." *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000). The appropriate standard of review for a compulsory process claim under the Sixth Amendment is less clear, though we have suggested in an unpublished opinion that a standard of review less rigorous than *de novo* is warranted. *See United States v. Viloski*, 557 F. App'x 28, 34 n.3 (2d Cir. 2014) *cert. denied*, 135 S. Ct. 1698 (2015) (rejecting argument that Compulsory

Process Clause required *de novo* review and observing that "*[d]e novo* review of the balancing analysis would not be appropriate because trial courts have a comparative advantage over appellate courts when it comes to weighing the needs of the parties and the centrality of particular pieces of evidence to a trial," (quoting *United States v. Ebbers*, 458 F.3d 110, 118 (2d Cir. 2006))); *see also United States v. Spencer*, 362 F. App'x 163, 165 (2d Cir. 2010); *United States v. Bontzolakes*, 585 F. App'x 794, 798 (2d Cir. 2014).

We need not resolve the issue of the appropriate standard of review here, as even under *de novo* review we find no error in the District Court's management of the trial below. As an initial matter, Epskamp likely forfeited or waived this issue by consenting to proceed to trial without any guarantee that he would be able to call his exculpatory witness. *See United States v. Desena*, 287 F.3d 170, 176 (2d Cir. 2002). Nonetheless, even if the issue is not waived, a defendant is only entitled to compulsory process when it is within the power of the government to provide such process. *See, e.g.*, *United States v. Greco*, 298 F.2d 247, 251 (2d Cir. 1962); *United States v. Yousef*, 327 F.3d 56, 114 n.48 (2d Cir. 2003). As the record shows, the District Court expended significant effort attempting to accommodate Epskamp's request that his witness be deposed—a request

7

withdrawn by Epskamp on the eve of the deposition—and allowed to testify remotely. That such testimony was ultimately unattainable due to circumstances beyond the power of the government and the District Court does not result in a violation of Epskamp's rights.

We have considered all of the Appellant's remaining arguments and find them to be without merit. Accordingly, for these reasons and the reasons provided in the Opinion filed simultaneously with this order, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk