United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-11110
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE CARLOS AVILA-SIFUENTES, also known as Roberto Avila,
also known as Juan Solis-Martinez,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-17-ALL
---------------------

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Jose Carlos Avila-Sifuentes (Avila) appeals his conviction

following a jury trial for illegal reentry after removal from the

United States, in violation of 8 U.S.C. § 1326.  Avila argues

that the district court erroneously admitted a warrant of

deportation from his immigration file, which the Government

introduced as proof of his prior removal, because the warrant

contained impermissible hearsay.  We have previously held that

warrants of deportation are excepted from the hearsay rule and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are admissible.  See United States v. Quezada, 754 F.2d 1190, 1193-95 (5th Cir. 1985).

Avila also argues that the admission of the warrant of deportation violated his right of confrontation and Crawford v. Washington, 541 U.S. 36 (2004), because the warrant was testimonial in nature.  This argument is foreclosed by circuit precedent.  See United States v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir.), cert. denied, 127 S. Ct. 265 (2006).

Avila further challenges the sufficiency of the evidence, specifically arguing that the warrant of deportation was insufficient to prove that he was actually removed from the United States.  The testimony at trial showed that the order of deportation in Avila's "A" file was dated January 18, 1996, and that an alien is typically deported the same date as the order. The warrant of deportation from Avila's immigration file contained Avila's signature and thumbprint and the signature of a deportation officer who witnessed the removal.  An Immigration and Customs Enforcement agent also testified that if an alien with a completed warrant of deportation form in his file had not been removed, there would be further documentation of the occurrence in the file.  A rational juror could conclude from the evidence that Avila was actually removed from the United States. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Quezada, 754 F.2d at 1194-96.

AFFIRMED.