**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4917**

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

BEVERLY ELAINE NELSON,

     Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.  (8:12-cr-00061-AW-1)

Submitted:  May 30, 2013     Decided:  June 13, 2013

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, HALL & CHO, P.C., Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Paul K. Nitze, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Beverly Elaine Nelson of illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a) (2006). The district court sentenced Nelson to twenty-seven months of imprisonment and she now appeals. Finding no error, we affirm.

Nelson first argues on appeal that there was insufficient evidence to support the jury's finding of guilt because, although the Government provided Nelson's warrant of deportation, the immigration official who signed that warrant did not testify at trial. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the

2

credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In order to convict Nelson of illegal reentry, the Government was required to prove that "(1) [she] is an alien who was previously arrested and deported, (2) that [she] reentered the United States voluntarily, and (3) that [she] failed to secure the express permission of the Attorney General to return." United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989); see also 8 U.S.C. § 1326(a). We have thoroughly reviewed the record and conclude that the Government provided substantial evidence of Nelson's guilt. Although the warrant of deportation demonstrated Nelson's deportation and removal from the country, see United States v. Bahena-Cardenas, 411 F.3d 1067, 1074-75 (9th Cir. 2005), the Government provided further evidence of Nelson's removal, including Nelson's admissions in her prior court filings.

Nelson next argues that the district court erred in denying her request for a downward departure for cultural assimilation. Under the Guidelines, a departure for cultural assimilation may be warranted:

in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.8 (2012). However, "[w]e lack the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Our review of the record leads us to conclude that the district court did not so misunderstand its authority to depart and therefore this court may not review this argument.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4