**12-1490-cr**
**United States v. Harvey**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted:  June 19, 2013         Decided: March 26, 2014)

Docket No. 12-1490-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

- v. -

GODFREY EMMANUEL HARVEY,

*Defendant-Appellant.*

_____

Before:

STRAUB, HALL, and CHIN, *Circuit Judges.*

Appeal from the March 30, 2012 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), convicting defendant-appellant, following a jury trial, of one count of illegal re-entry into the United States after having been deported due to his conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, defendant-appellant argues that the government failed to prove his physical departure from the United States after he was ordered deported in 1992 and therefore the evidence was insufficient to show he illegally "re-entered" the country.  We hold that a valid warrant of deportation executed by the immigration authorities certifying that a defendant was deported on a given date is sufficient to prove that the defendant was, in fact, removed from the country on that date.  Such was the case here, and sufficient evidence, therefore, supported defendant-appellant's illegal re-entry conviction.  We AFFIRM.

AFFIRMED.

ROBERT J. BOYLE, Law Office of Robert J. Boyle, New York, NY, *for Defendant-Appellant Godfrey Emmanuel Harvey.*

ANDREW B. BAUER and BRENT S. WIBLE, Assistant
United States Attorneys, *for* Preet Bharara, United
States Attorney for the Southern District of New
York, New York, NY, *for Appellee United States of
America.*

PER CURIAM:

Defendant-Appellant Godfrey Emmanuel Harvey, a citizen of Jamaica, challenges the sufficiency of the evidence supporting his conviction for illegal re-entry into the United States after he was deported because of an aggravated felony conviction. Harvey's sole argument on appeal is that the government failed to prove his physical departure from the United States on a March 7, 1992 airline flight from John F. Kennedy International Airport ("JFK") to Kingston, Jamaica. To prove Harvey left the country, the government relied on a 1992 warrant of deportation prepared by an immigration official, which indicated that the official witnessed Harvey depart on the March 1992 flight. That official was unavailable to testify at Harvey's October 2011 trial for illegal re-entry, and the government did not present any other direct evidence that Harvey left the United States in 1992. We hold today that such additional evidence was unnecessary: the 1992 warrant of deportation, coupled with testimony concerning the deportation procedures followed at that time, was sufficient to permit a rational juror to conclude that Harvey left the country on the date specified in the warrant. Accordingly, we AFFIRM the judgment of the district court.

## BACKGROUND

Harvey first entered the United States in 1988 through Miami, Florida. He subsequently was convicted of a crime constituting an aggravated felony under the immigration laws and, in December 1991, an immigration judge ordered him deported.

2

Some twenty years later, in May 2011, immigration authorities apprehended Harvey in the Southern District of New York and charged him with one count of illegal re-entry after deportation for an aggravated felony.

The matter proceeded to trial in October 2011. To establish that Harvey left the country, the government introduced a Form I-205 warrant of deportation dated March 7, 1992 and executed by Supervisory Detention Enforcement Officer David R. Thompson of the (former) Immigration and Naturalization Service. The warrant indicated that Officer Thompson witnessed Harvey leave the country that morning on American Airlines flight 1193, which was bound for Kingston, Jamaica. Harvey stipulated at trial that the deportation warrant bore his signature and fingerprints.

Officer Thompson died before Harvey's October 2011 trial and therefore was unavailable to testify. Instead, the government offered the testimony of Special Agent William Sansone of the Department of Homeland Security, Homeland Security Investigations, who explained the deportation procedures in effect at the time of Harvey's 1992 deportation. He testified that, when a person was deported from the United States via airplane, the immigration officer executing the deportation escorted the deportee to his seat on the aircraft, ensured that the interior of the aircraft was secure, returned to the jetway, and then remained at the aircraft door until the aircraft pulled away. The immigration official then watched the aircraft until it was out of sight, at which point the official signed the deportation warrant. Special Agent Sansone could not recall whether he had participated

3

in Harvey's deportation, and the government did not introduce any other direct evidence of Harvey's departure from the country.[1]

Following the close of the government's evidence, Harvey moved for a judgment of acquittal, arguing that the government's evidence failed to establish that he ever left the country. The district court denied the motion, ruling, *inter alia*, that there was "no particular reason to doubt the regularity of the procedures" by which Harvey was deported. The jury returned a guilty verdict on November 1, 2011, and, in March 2012, the district court sentenced Harvey principally to 60 months' incarceration. Harvey timely appealed the resulting March 30, 2012 judgment of conviction.

## DISCUSSION

Although we review sufficiency of the evidence claims *de novo*, *see United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010), a defendant mounting such a challenge "bears a heavy burden," *United States v. Heras*, 609 F.3d 101, 105 (2d Cir. 2010) (citation and quotation marks omitted). This is because, in assessing whether the evidence was sufficient to sustain a conviction, "'we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility.'" *Sabhnani*, 599 F.3d at 241 (quoting *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007)). Following this review, we will sustain the jury's verdict if "*any*

---

[1] The government did introduce additional circumstantial evidence that Harvey left the country, including: (1) Harvey's stipulation that he was born on May 20, 1971 and, between 1992 and 2011, he occasionally identified himself as "Delandre Johnson"; (2) airline records showing that, in November 1995, a person by that name and with Harvey's birth date flew from Kingston, Jamaica to New York City; and (3) the testimony of Harvey's former girlfriend that he told her sometime in 1999 that he had previously been deported.

4

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

To sustain Harvey's illegal re-entry conviction, the government was required to prove at trial that Harvey (1) is an alien (2) who was deported (3) and thereafter re-entered the United States (4) without the requisite authority to do so. *See* 8 U.S.C. § 1326(a). Only the second element—whether he was physically deported—is at issue here. On this point, Harvey argues that, aside from the deportation warrant, the government did not introduce any documentary or testimonial evidence indicating that he was on the aircraft when it left JFK or that he entered Jamaica after the flight landed. *See* Appellant Br. at 15-16. He further contends that the deportation warrant alone was insufficient to establish the fact of his departure because it contained no indication that Officer Thompson actually followed the deportation procedures outlined by Special Agent Sansone at trial. *Id.* at 16-18.

We disagree and hold, along with every other court to have considered the issue, that a properly executed warrant of deportation, coupled with testimony regarding the deportation procedures followed at that time, is sufficient proof that a defendant was, in fact, physically deported from the United States. *See United States v. Garcia*, 452 F.3d 36, 43-44 (1st Cir. 2006); *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1074-75 (9th Cir. 2005); *see also United States v. Nelson*, 528 F. App'x 314, 315 (4th Cir. 2013) (summary order); *United States v. Avila-Sifuentes*, 237 F. App'x 971, 972 (5th Cir. 2007) (summary order). Here, the warrant of deportation specifically indicated that Officer Thompson "witnessed" Harvey's departure, and set forth the date, flight number, and time it was effected. In addition, Harvey stipulated that he signed the warrant and that it contained his fingerprints. These

facts, coupled with Sansone's testimony regarding the deportation procedures in effect in 1992, were a sufficient basis from which a reasonable juror could conclude, beyond a reasonable doubt, that Harvey physically left the United States on March 7, 1992. *Cf. Garcia*, 452 F.3d at 43-44 (warrant of deportation sufficient to establish defendant's departure from the country even though the government "failed to call any witness who personally saw [him] . . . depart from the United States").[2]

## CONCLUSION

Having concluded that the evidence was sufficient to establish Harvey's guilt beyond a reasonable doubt, we AFFIRM the judgment of the district court.

---

[2] Harvey does not argue on appeal that the introduction of the warrant of deportation violated his rights under the Confrontation Clause because Officer Thompson was not available for cross-examination. *See generally Crawford v. Washington*, 541 U.S. 36 (2004). We therefore express no views on this issue, pausing only to note that numerous courts have held that warrants of deportation are nontestimonial and therefore admissible despite the Supreme Court's decision in *Crawford*. *See, e.g., Garcia*, 452 F.3d at 41-42; *United States v. Valdez-Maltos*, 443 F.3d 910, 911 (5th Cir. 2006); *United States v. Cantellano*, 430 F.3d 1142, 1145 (11th Cir. 2005); *Bahena-Cardenas*, 411 F.3d at 1074-75.