13-3997-cr(L); 13-4185-cr(CON)
United States v. Pan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of January, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          v.                                              13-3997-cr(L);
                                                          13-4185-cr(CON)

XING WU PAN, JIA HOU,

                  *Defendants-Appellants*.

_____

Appearing for Appellants:     Irwin Rochman (Gregory J. Ryan, *on the brief*), Tesser, Ryan & Rochman, LLP New York, NY, *for Defendant-Appellant Xing Wu Pan*.

                              Gerald B. Lefcourt (Sheryl E. Reich, *on the brief*), Gerald B. Lefcourt, P.C New York, NY, *for Defendant-Appellant Jia Hou*.

Appearing for Appellee:       Michael A. Levy (Brian A. Jacobs and Justin Anderson, *on the* brief), Assistant United States Attorneys, *for* Preet Bharara, United

States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and they hereby are **AFFIRMED**.

Appellants Xing Wu Pan and Jia Hou appeal from judgments of conviction entered on October 11, 2013 in the United States District Court for the Southern District of New York (Sullivan, *J.*), following a three-week jury trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pan and Hou argue, first, that the evidence was legally insufficient to prove that interstate wires would be used in furtherance of the alleged scheme. But Pan and Hou stipulated that, during the relevant time period, the campaign matching funds that Pan and Hou were convicted of attempting to fraudulently obtain would have traveled through interstate wires. This stipulation provided sufficient evidence with respect to the interstate commerce element of the charged offenses. The fact that the government learned after the trial that part of the factual basis for the stipulation was inaccurate is irrelevant. *See, e.g.*, *United States v. Keck*, 773 F.2d 759, 770 (7th Cir. 1985) (holding that stipulation operated as "conclusive evidence" on issue despite the stipulation being factually inaccurate).

Next, Pan argues that the evidence was legally insufficient to prove that he had a specific intent to defraud the victim of the alleged scheme. Pan admits that "[t]he conversations between Pan and the Undercover [FBI Agent] which took place on [August 15 and 16] produced evidence of knowledge on Pan's part that the straw donor contributions could and probably would be used by the Liu campaign to fraudulently seek matching funds from the [New York City Campaign Finance Board]." Pan Br. at 60. Nonetheless, he argues that his convictions must be reversed because "these conversations did not produce any additional evidence of the required specific intent to defraud." Pan Br. at 60. But we have held that "[w]hen the 'necessary result' of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself." *United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994) (quoting *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1181 (2d Cir. 1970)). Because the necessary result of the straw donor scheme was injury to the New York City Campaign Finance Board, the jury could have inferred Pan's fraudulent intent from the scheme itself. *See id.* Thus, Pan's challenge to the sufficiency of the evidence fails.

Hou also challenges the sufficiency of the evidence with respect to her conviction for attempted wire fraud. But, "view[ing] the evidence in the light most favorable to the government, drawing all inferences in the government's favor[,] and deferring to the jury's assessments of the witnesses' credibility," *United States v. Pierce*, 785 F.3d 832, 838 (2d Cir. 2015) (quoting *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014)), we conclude that the evidence was sufficient. As the district court explained:

The jury was presented with evidence that, in the light most favorable to the government, tended to prove that Hou had knowledge of the mechanics of a straw donor scheme to fraudulently elicit matching funds and that she solicited a donation from Thomas Wang, whom she intended to reimburse for the donation. Moreover, the evidence showed that, although Thomas Wang's address outside the City would have made his straw donation ineligible for campaign matching funds from the City, the John Liu campaign . . . often submitted contribution reporting sheets with manufactured donor addresses and other donor information. . . . The jury [also] received evidence showing that (1) certain donors made contributions to the [c]ampaign in excess of the limits imposed by City regulations, (2) the origin of these contributions was obscured through the use of straw donations, and (3) Hou failed to disclose to the New York City Campaign Finance Board . . . the identities of fundraising intermediaries who coordinated these straw donations and submitted them to Hou. The record also reflected that Hou took affirmative steps to avoid [Campaign Finance Board] scrutiny by directing campaign operatives to mimic donor handwriting when they augmented donor contribution forms.

Special App'x at 2-3 (citations omitted). We agree with the district court that "[t]aken in its totality, the evidence provided a sufficient basis from which a reasonable fact finder could conclude that Hou intended to use straw donors to elicit campaign matching funds from the City and took substantial steps toward doing so." Special App'x at 3.

Next, Hou argues that a November 17, 2011 search warrant to Google was overbroad and should not have been issued. The warrant authorized law enforcement personnel to seize only those electronic communications that were related to "campaign donations, fundraising events, relationships between co-conspirators, financial transactions on behalf of campaigns, and efforts to thwart or avoid law enforcement scrutiny." Hou App'x at 71. We see nothing improper about the warrant and, in any event, even if the warrant was defective for some reason, suppression would have been unwarranted because the warrant was executed in good faith.

Finally, Hou argues that her conviction for making false statements must be vacated because FBI agent Donald Chu offered an impermissible lay opinion. Even assuming without deciding that the district court abused its discretion in denying Hou's motion to strike Chu's testimony, any error was harmless because there was abundant evidence that Hou made false statements, there was no serious dispute at trial that Hou's statements were false, and the government did not reference Chu's testimony throughout the rest of the trial.

We have considered the remainder of appellants' arguments and find them to be without merit. Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3