15-4118-cr
United States v. Fagan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand seventeen.

PRESENT:   REENA RAGGI,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                 *Circuit Judges*.
-------------------------------------------------------------------
UNITED STATES OF AMERICA,
                 *Appellee*,

               v.                                    No. 15-4118-cr

KEVIN FAGAN,
                 *Defendant-Appellant*.
-------------------------------------------------------------------
APPEARING FOR APPELLANT:        DANIEL HABIB, Federal Defenders of New York, Inc., New York, New York.

APPEARING FOR APPELLEE:         LINDSAY K. GERDES, Assistant United States Attorney (Emily Berger, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Joan M. Azrack, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 17, 2015, is AFFIRMED.

Defendant Kevin Fagan was convicted after a jury trial of importation and possession with intent to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 952(a), 960(a)(1), 960(b)(3), and sentenced to a prison term of one year and one day, which he has now served, followed by three years of supervised release. Fagan appeals his conviction on the ground that, although he was arrested at John F. Kennedy International Airport in possession of three kilograms of cocaine concealed in the false bottom of a suitcase he transported from St. Lucia to New York, the evidence was insufficient to prove his knowledge that the bag contained a controlled substance. We review a sufficiency challenge *de novo*, although the defendant bears a heavy burden because we must view the evidence in the light most favorable to the government, affirming the jury's verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *accord United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Fagan does not dispute the sufficiency of the evidence to prove the *actus reus* elements of the crimes of conviction: importation and possession of a distribution quantity of cocaine. Nor does he challenge the sufficiency of the evidence to prove his knowledge that he was in possession of or smuggling contraband. He argues only that the evidence was insufficient to prove his knowledge of possession of a controlled

2

substance such as cocaine. The argument fails because knowledge can be—and usually must be—proved by reasonable inferences drawn from circumstantial evidence. *See McFadden v. United States*, 135 S. Ct. 2298, 2306 n.3 (2015) ("Although the Government must prove that a defendant knew that the substance in question was a controlled substance under federal law, the Government need not introduce direct evidence of such knowledge." (internal quotation marks omitted)); *see also United States v. Davis*, 690 F.3d 127, 134 (2d Cir. 2012) (guilty knowledge that shipment contained narcotics "may be established through circumstantial evidence" (internal quotation marks omitted)).

The circumstances here showed Fagan's sole possession of a suitcase containing a quantity of cocaine with a New York City wholesale value between approximately $80,000 and $140,000. Our precedent recognizes that a defendant's sole possession of a valuable illegal commodity can support a reasonable inference that the defendant knows what it is with which he has been entrusted. *See United States v. Anderson*, 747 F.3d 51, 66–67 (2d Cir. 2014) (collecting cases). Such an inference is reinforced here by evidence that, when questioned by United States customs officials, Fagan never stated that he received the suitcase from or was bringing it to anyone. Rather, he stated that the suitcase was his, that he packed it, that he had checked it in, and that he had received no items in transit. Further circumstances admitting an inference of guilty knowledge that he possessed a controlled substance are (1) Fagan's suspicious inability to provide contact information for the son he was purportedly traveling to see, (2) his failure to provide destination information contained in his phone for an airport hotel location (a

3

location more consistent with a drug delivery than a family visit), and (3) Fagan's turning of his back as the thoroughness of the search of his drug-laden bag increased. The combination of "nervousness, a false statement, or suspicious circumstances" with evidence of the defendant's sole control over a container is sufficient to support "an inference that the defendant knew about the drugs in [a] hidden compartment." *United States v. Tran*, 519 F.3d 98, 104, 105 (2d Cir. 2008) (reaching conclusion as to sole occupant of vehicle). Fagan's "possession of the [narcotics] concealed in his baggage, coupled with his acknowledgement that the baggage was his and that he owned the contents, and with his visible nervousness during the search, were more than legally sufficient to establish his guilt." *United States v. Forlorma*, 94 F.3d 91, 93 (2d Cir. 1996).

*United States v. Torres*, 604 F.3d 58 (2d Cir. 2010), cited by Fagan, is not to the contrary because defendant there was accompanied by other individuals and had "no prospects of having sole dominion" over the package containing drugs that he received from a third party, *id.* at 71; *see United States v. Anderson*, 747 F.3d at 68 (distinguishing *Torres* based on lack of evidence of "*sole* dominion over the unidentified packages" (emphasis in original)). Similarly, in *United States v. Samaria*, 239 F.3d 228 (2d Cir. 2001), and *United States v. Rodriguez*, 392 F.3d 539 (2d Cir. 2004), defendants played only supporting roles for persons carrying out illicit transactions.

In sum, where, as here, an international courier is entrusted with sole possession of a valuable quantity of drugs and responds suspiciously to questions about his travel plans and the ownership and contents of the suitcase containing the drugs, such evidence is

sufficient to allow a reasonable jury to find knowing importation and possession of a controlled substance.

We have considered Fagan's remaining arguments and conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court