*United States v. Adelglass*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                                        23-6248

HOWARD ADELGLASS, AKA SEALED DEFENDANT 1,

      *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Nicholas W. Chiuchiolo, Marguerite B. Colson, Daniel G. Nessim, and Jacob R. Fiddelman, Assistant United States Attorneys, *on behalf of* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | Beverly Van Ness, New York, NY; and Deborah Colson, Moscowitz Colson Ginsberg & Schulman LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Howard Adelglass appeals from a judgment of conviction entered on March 9, 2023, in the United States District Court for the Southern District of New York (Rakoff, *J.*). Adelglass was convicted, following a jury trial, of one count of conspiring to distribute oxycodone outside the scope of professional practice and without a medical purpose, in violation of 21 U.S.C. §§ 846 and 841(b). Adelglass, a licensed physician authorized to prescribe controlled substances, operated a cash-only clinic through which he prescribed an unusually high amount of oxycodone. On appeal, Adelglass argues that he was denied the right to a fair trial because the district court admitted irrelevant and unfairly prejudicial evidence regarding his prescribing practices, spending habits, and failure to file tax returns. In a supplemental *pro se* brief, Adelglass raises myriad additional issues, including that the evidence presented by the government was insufficient to support his conviction and that his statute of conviction is unconstitutionally vague. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision to **AFFIRM**.

2

## I. Counseled Issues

In the portion of his appeal in which Adelglass is represented by counsel, Adelglass argues that he was denied a fair trial because the district court admitted irrelevant and unfairly prejudicial evidence about his comparative prescribing practices, spending habits, and failure to report income to the Internal Revenue Service ("IRS"). We disagree.

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 403, otherwise admissible evidence may be excluded "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015) (quoting *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015)). "In the context of Rule 403, we conduct this review recognizing that a district court is, of course, in the best position to do the balancing required." *United States v. Skelos*, 988 F.3d 645, 662-63 (2d Cir. 2021) (internal quotation marks and citation omitted).

In *Ruan v. United States*, the Supreme Court held that when a defendant is authorized to prescribe controlled substances, he may not be convicted under § 841

unless the government "prove[s] beyond a reasonable doubt that the defendant [subjectively] knew that . . . []he was acting in an unauthorized manner." 597 U.S. 450, 454 (2022). To prove subjective intent, the government may refer to and compare a defendant's conduct against "objective criteria such as 'legitimate medical purpose' and 'usual course' of 'professional practice.'" *Ruan*, 597 U.S. at 467 (quoting 21 C.F.R. § 1306.04(a)). Contrary to Adelglass's arguments on appeal, the challenged evidence about his prescribing practice was relevant under *Ruan* and not unduly prejudicial.

At trial, the government sought to admit multiple notices CVS had sent Adelglass in which the pharmacy flagged his controlled substance prescribing practices as concerning. The notices stated that CVS had compared Adelglass's prescribing practices to other similar providers in his geographic area. Following a defense objection and voir dire of the government's witness from CVS, the district court concluded that there was insufficient evidence before it to determine whether CVS's comparison algorithm fairly compared Adelglass to other similar providers. Accordingly, the district court ordered the notices to be redacted of references comparing Adelglass and other prescribers. The redacted notices were then admitted as evidence that Adelglass had been warned his prescribing practices were potentially problematic. The district court did not err in concluding that the notices were probative of Adelglass's consciousness of guilt, as other evidence showed that he responded to the warnings by ignoring CVS's requests to discuss his prescribing practices, expressing fear that law enforcement officers were

4

going to come to his clinic, and continuing to prescribe opioids in the same manner as before. *See United States v. Moseley*, 980 F.3d 9, 27 (2d Cir. 2020). And as redacted, the notices did not risk unfair prejudice or jury confusion.

The district court also did not err in admitting testimony from a government expert stating that Adelglass's prescribing record was a substantial outlier as compared to other similar prescribers. The expert's testimony was relevant because a significant and sustained deviation between a defendant's prescribing practices and those of similarly situated doctors makes it more probable that the defendant's conduct is knowingly and intentionally without a medical purpose. *See Ruan*, 597 U.S. at 467. Although the government expert based his analysis on practitioners in a single hospital system of which Adelglass was not a part, the testimony was not unduly prejudicial because the district court ensured the government laid an appropriate foundation as to the expert's methodology, the source and practice area of the comparators, and the sample size. After this foundation was laid, Adelglass did not object to the admission of the testimony.

Adelglass next argues that the district court abused its discretion by admitting evidence of his spending habits and failure to report income to the IRS. We disagree. Rule 404(b) allows evidence of uncharged crimes, wrongs, or other acts for relevant non-propensity purposes. We regularly uphold admission of financial and tax-related evidence when probative of motive, intent, or knowledge. *See, e.g., United States v. Eng*,

997 F.2d 987, 991 (2d Cir. 1993) ("It is well settled that in narcotics prosecutions, a defendant's possession and expenditure of large sums of money, as well as his or her failure to file tax returns, are relevant to establish that the defendant lacked a legitimate source of income and that, in all probability, the reason for the failure to report this income is due to the defendant's participation in illegal activities." (internal quotation marks and citation omitted)); *United States v. Atuana*, 816 F. App'x 592, 595 (2d Cir. 2020) (summary order) (holding that failure to file tax returns was admissible under Rule 404(b) to show knowledge and intent that defendants' businesses were not legitimate). Here, evidence of Adelglass's lavish spending was probative of his motive, while evidence that he concealed income from the IRS was probative of his guilty mind and rebutted his defense that he was acting as a legitimate medical professional.

## II.    Pro Se Issues

This Court granted Adelglass leave to file a supplemental appellate brief *pro se* to raise additional issues not addressed by his counsel—all of which are meritless.[1]

Adelglass contends that the evidence produced at trial was insufficient to support his conviction. "[W]e will sustain the jury's verdict if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United*

---

[1] Adelglass repeatedly complains about his attorneys' performance in his *pro se* filing. We decline to consider these claims of which there is little or no evidence in the record. *See United States v. Laurent*, 33 F.4th 63, 97 (2d Cir. 2022). While Adelglass's ineffective assistance claims are not amenable to adjudication on appeal, they are not forfeited and may be raised in the district court by collateral attack—normally a motion under 28 U.S.C. § 2255. *Id.* at 97.

6

*States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The evidence showed, *inter alia*, that Adelglass performed minimal or no examinations of patients before prescribing opioids, prewrote prescriptions before appointments, took direction from patients on what to prescribe, prescribed large quantities of oxycodone that were inappropriate for the presented symptoms, continued to prescribe oxycodone to addicted patients and known drug dealers, demanded payment in cash, and accepted patients primarily on a referral basis. The government's expert also testified that Adelglass's prescribing practice was outside the scope of legitimate medical practice. "[V]iew[ing] the evidence in the light most favorable to the government [and] drawing all inferences in the government's favor," *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010), we conclude that the evidence was sufficient to support Adelglass's conviction.

Adelglass also argues that his statute of conviction is unconstitutionally vague. We disagree. Prescriptions for a controlled substance that are "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice" will not trigger criminal liability. 21 C.F.R. § 1306.04(a). Adelglass argues that because "legitimate medical purpose" and "course of professional practice" are undefined, physicians cannot know whether their conduct is criminal. "When First Amendment considerations are not at issue, we must evaluate vagueness challenges to a statute as it is applied to the facts of the case." *United States v. Carter*, 981

7

F.2d 645, 647 (2d Cir. 1992). As described above, Adelglass's trial produced overwhelming evidence that he disregarded the prevailing standards of medical care and that he knowingly and intentionally issued oxycodone prescriptions for reasons other than legitimate medical purposes. As applied to the facts of this case, Adelglass's statute of conviction is not unconstitutionally vague.

\* \* \*

We have considered Adelglass's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8