24-2917-cr
*United States v. Abreu*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-six.

PRESENT:     GUIDO CALABRESI,
             GERARD E. LYNCH,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                                      24-2917-cr

ANTONY ABREU, a/k/a Anthony,

    *Defendant-Appellant*,

ZHE ZHANG, a/k/a Zack; QING MING YU,
a/k/a Allen Yu; and YOU YOU, a/k/a Eddie,

    *Defendants*.

_____

FOR DEFENDANT-APPELLANT:    SUSAN KELLMAN, Law Offices of Susan G. Kellman (Sarah Kunstler, Law Office of Sarah Kunstler, *on the brief*), Brooklyn, NY.

FOR APPELLEE:    ERIC SILVERBERG, Assistant United States Attorney (Saritha Komatireddy, Devon Lash, Assistant United States Attorneys, *on the brief*), *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the November 4, 2024, judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Antony Abreu appeals from the judgment entered by the District Court after a jury convicted him of (1) murder-for-hire conspiracy in violation of 18 U.S.C. §1958(a) and §3551, and (2) murder for hire (or aiding and abetting murder for hire) in violation of 18 U.S.C. §1958(a), §2, and §3551. The District Court sentenced Abreu principally to a term of life in prison. Abreu contends that there was insufficient evidence to convict him on either count because the evidence at trial failed to establish that he entered into an agreement to receive something of pecuniary value in exchange for his role in the murder. He further asserts that the District Court erred in concluding that 18 U.S.C. §1958(a) mandates a sentence of life in prison.

2

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

The evidence at trial established that on February 12, 2019, Xin "Chris" Gu was shot and killed outside a Queens karaoke club by a man who got out of a white Honda that had been parked nearby for about two hours. Abreu was charged as the shooter, and his co-defendant Zhe Zhang was charged as the driver. The government alleged that Allen Yu, Chris Gu's former employer, had ordered the murder of Chris Gu. Allen Yu asked his nephew, co-defendant You You, to recruit Zhe Zhang for the job; Zhe Zhang in turn recruited Abreu to be the trigger man.

You You testified at trial that he contacted Zhe Zhang and explained his uncle's request, and Zhe Zhang agreed "to take the job to kill Chris," and told You You to relay to Allen Yu that "he ha[d] somebody professional to take care of this job." App'x at 158. Zhe Zhang and You You then met with Yu, who explained why he wanted Chris Gu killed, and "then presented what he's going to offer in return of killing [] Chris." App'x at 162. Specifically, Yu told You You and Zhe Zhang that "after [they] kill Chris, he would provide all his real estate connections, his supply connections, perhaps even provide some of these workers, crews," App'x at 162-63, and essentially set them up in business, *see* App'x at 165-66.

On the day they planned to carry out the murder, You You arranged to meet with Zhe Zhang; Zhe Zhang arrived in a white Honda, with Abreu in the passenger seat. *See* App'x at 212-13. You You recognized Abreu because Zhe Zhang had previously

3

introduced them, describing Abreu as "a serious gangster" and "his shooter." App'x at 213. At that meeting, You You testified, Abreu reminded Zhe Zhang to get a picture of the target, which Zhe Zhang did and showed to Abreu. *See* App'x at 214.

Later that night, after 2:00 a.m. on February 12, 2019, several gunshots were fired. A white Honda – which was later linked to the one Abreu rode in – fled the scene. The victim, Gu, was found and transported to the hospital, but died from the multiple gunshot wounds. The next day, Zhe Zhang told You You that he and Abreu had "got rid of the car and gun," and that Abreu was "on hideout." App'x at 242.

Allen Yu, You You, Zhe Zhang, and Abreu were all indicted for the murder. You You pled guilty and testified at the trials of his co-defendants. Allen Yu and Zhe Zhang were tried together; both were convicted of murder for hire and conspiracy to commit murder for hire. Abreu was tried separately and convicted on the same charges. All three defendants who went to trial were sentenced principally to life terms of imprisonment, and all three appealed. The appeals of Allen Yu and Zhe Zhang were consolidated, and this Court affirmed their convictions and sentences. *See United States v. Zhe Zhang*, 135 F.4th 44, 48 (2d Cir. 2025).

## **DISCUSSION**

### I.    **Sufficiency of the Evidence**

Abreu challenges the sufficiency of the evidence against him. "Although we review sufficiency of the evidence claims *de novo*, a defendant mounting such a challenge bears a heavy burden. This is because, in assessing whether the evidence was sufficient to sustain a conviction, we view the evidence in the light most favorable to the

4

government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014) (citation modified).

The government advances two theories under which the evidence was sufficient to establish that Abreu is guilty of the charged offenses. First, the government contends that Abreu *himself* need not have agreed to receive anything of value, and need not have received anything of value, in exchange for the murder. Rather, because he was convicted of conspiracy and of aiding and abetting a murder for hire, the government contends, Abreu need only have conspired with others to exchange something of value, and aided and abetted others in doing so. In the District Court, Abreu argued that the government could not prevail on this theory because there was no evidence that Abreu *knew* that his co-conspirators had agreed to an exchange of something of value for the murder. *See* App'x at 1279-86. But Abreu did not make such an argument on appeal until his reply brief, and it is therefore abandoned. *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (explaining that issues raised below but not pursued in opening brief on appeal were abandoned). Abreu does argue that he could not have aided and abetted or conspired in his co-defendants' commission of murder for hire because the payment offered to the co-defendants – in the form of business connections and support – did not constitute a thing of pecuniary value. But in his co-defendants' appeal, we resolved that issue, concluding "that the promise of providing business connections is sufficient to constitute something of pecuniary value within the meaning of the murder-for-hire statute." *Zhe Zhang*, 135 F.4th at 51.

5

In any event, the evidence was sufficient to support conviction under the government's second theory, which is that Abreu received a luxury watch from Zhe Zhang after the murder, sometime in 2019, in exchange for his participation in the shooting. The government introduced a photo dated February 9, 2020, of Abreu wearing a Richard Mille RM11 designer watch.[1] *See* Gov't App'x at 429-30. Upon being shown the photo, Abreu testified that he received the watch "in 2019 from Zhe Zhang." Gov't App'x at 372. The government also introduced an Instagram message from Abreu to a third party stating that he had "got paid with" the watch for work, explaining: "Dude owe me 100K so he gave me the watch as payment." App'x at 778. There was no direct evidence that Zhe Zhang gave the watch to Abreu in exchange for the murder, but "[t]he jury could certainly infer that" the watch was payment for the murder, "thus constituting circumstantial evidence of the original agreement." *Zhe Zhang*, 135 F.4th at 50; *see also United States v. Babilonia*, 854 F.3d 163, 176 (2d Cir. 2017) (holding that "co-conspirators' post-agreement course of conduct is circumstantial evidence of [their] specific intent at the time [the crime was arranged] to provide monetary compensation for the murder's completion"). Those inferences are corroborated by You You's testimony that Zhe Zhang described Abreu as "his shooter," App'x at 213, and a lack of evidence suggesting that Abreu had any other motive to kill Gu, whom he "didn't even know," App'x at 801.

---

[1] A representative of the Richard Mille company identified the watch as a special edition of which only 100 were made and testified that the retail value of the watch was at least $170,000. *See* Gov't App'x at 356-57.

"[C]rediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence," we conclude that the evidence was sufficient to support Abreu's convictions. *United States v. Rosemond*, 841 F.3d 95, 113 (2d Cir. 2016) (citation modified).

## II.     Mandatory Term of Life Imprisonment

Abreu concedes that his challenge to the sentence of life imprisonment is foreclosed by our recent decision in his co-defendants' appeal. *See* Reply Br. at 11; *see also Zhe Zhang*, 135 F.4th at 54 (holding "that section 1958(a) imposes a mandatory minimum sentence of life imprisonment"). He does not challenge any other aspect of his sentence. We therefore affirm the sentence imposed by the District Court.

\*     \*     \*

We have considered Abreu's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

7