SUMMARY ORDER
Defendant-appellant John P. Dundon appeals from a July 17, 2008 second amended judgment of conviction entered after defendant pleaded guilty to one count of bank fraud in violation 18 U.S.C. § 1344, one count of identity theft in violation of 18 U.S.C. § 1028(a)(7), and two counts of willful failure to account for or pay over taxes in violation of 26 U.S.C. § 7202. Defendant was sentenced princi *590 pally to eighty-seven months imprisonment on the bank fraud count, eighty-seven months imprisonment on the identity theft count, and sixty months imprisonment on each count of willful failure to pay taxes— all to run concurrently.
Defendant was originally sentenced in August 2006. One year later, in August 2007, defendant made a motion under 28 U.S.C. § 2255 claiming that he had received ineffective assistance of counsel because his attorney had failed to file a notice of appeal. The District Court granted defendant’s motion in July 2008 and stated its intent to “enter a new judgment imposing the same sentence in open court with defense counsel present.” Appellant’s App. 208; see Garcia v. United States, 278 F.3d 134, 138 (2d Cir.2002) (instructing a district court, in a similar situation, to either “(1) enter a new judgment imposing the same sentence in open court with defense counsel present or (2) if the district court discerns any useful purpose in further considering the sentence, resentence the defendant” (citation omitted)). Ten days later, the District Court held a hearing, briefly discussed the defendant’s sentence, and imposed the same sentence it had imposed in 2006. Defense counsel was present at the second sentencing hearing, but defendant and counsel for the government were not.
Defendant brings this appeal seeking to overturn his sentence only. Defendant claims that the District Court erred in applying an obstruction-of-justice enhancement under United States Sentencing Guidelines § 3C1.1 because (i) the District Court failed to make a specific finding that defendant willfully obstructed justice and (ii) the District Court failed to state its reasons for applying the obstruction-of-justice enhancement with sufficient particularity. Defendant also claims that the District Court’s “findings” were “confusing” because, in the second sentencing hearing, the District Court stated that the government had moved for a one-level reduction for acceptance of responsibility when, in fact, the government had not made such a motion. Appellant’s Br. 24.
We review a District Court’s sentencing determinations under a “ ‘deferential abuse-of-discretion standard,’ ” considering both procedural and substantive reasonableness. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Undertaking that review, we affirm the District Court’s sentencing determination.
Defendant first argues that the obstruction-of-justice enhancement under § 3C1.1 was improper because the District Court failed to make an explicit finding that defendant willfully obstructed justice. An obstruction of justice enhancement under § 3C1.1 “is not appropriate, by the terms of that section, unless the obstruction was ‘willful[ ],’ ” and in order “to impose a § 3C1.1 obstruction-of-justice enhancement on a defendant who has raised an issue as to his state of mind ..., the court must make ‘a specific finding of intent.’ ” United States v. Reed, 49 F.3d 895, 900-01 (2d Cir.1995).
Here, the District Court imposed the obstruction-of-justice enhancement on the basis of two findings: first, that defendant had submitted a fabricated document to the IRS and, second, that defendant had caused his wife to submit a forged email in support of defendant’s bail application. Although the District Court did not use the words “willfull,” “willfully,” or “willfulness” at the sentencing hearing, we do not read our precedent to require the use of magic words at sentencing. See Cavera, 550 F.3d at 193 (“Sentencing is a responsibility heavy enough without our adding formulaic or ritualized burdens.”). It is enough that the District Court, having ad *591 dressed and rejected defendant’s arguments, specifically found that defendant “did obstruct justice pursuant to U.S. Sentencing Guidelines 3C1.1.” Appellant’s App. 191. Indeed, although remand is appropriate where a court “neither clearly resolves the disputed issue nor explicitly relies on factual assertions made in a [pre-sentence report],” Reed, 49 F.3d at 901, here the District Court clearly stated its grounds for applying the obstruction-of-justice enhancement and explicitly adopted the factual assertions made in the presen-tence report. We therefore reject defendant’s claim that the District Court erred by failing to make a “specific finding of intent” with respect to the obstruction-of-justice enhancement.
Likewise, we reject defendant’s contention that the District Court erred by making insufficiently particular findings with respect to the obstruction-of-justice enhancement. After reviewing the transcripts of the sentencing hearings, we are “satisfied]” that the District Court “ ‘considered the parties’ arguments’ ” and had a “ ‘reasoned basis for exercising [its] own legal decisionmaking authority.’ ” Cavera, 550 F.3d at 193 (quoting Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)).
Finally, we reject defendant’s contention that remand is required because the District Court’s “findings” were “confusing” in the second sentencing hearing. Appellant’s Br. 24. In the initial sentencing hearing, the District Court granted, over the government’s objection, a two-point reduction for acceptance of responsibility. At the second sentencing hearing, with only defense counsel present, the District Court again applied the two-point reduction for acceptance of responsibility but also stated that the government had moved for an additional one-point reduction for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1 (b). In fact, the government had made no such motion. The District Court then calculated the Guidelines sentencing range but did not apply the additional one-point reduction. After defense counsel pointed out the discrepancy, the District Court explained that a sentence of 87 months was within the Guidelines range even if the additional one-point reduction applied. Thus, the District Court stated that its 87-month “stands.” Appellant’s App. 219.
We do not conclude that the District Court’s minor misstatement regarding the additional one-point reduction merits remand. The District Court at the second sentencing hearing simply carried out its intention of “imposing the same sentence” that it imposed in the first sentencing hearing. Appellant’s App. 208. Even if the District Court mistakenly stated that the government had moved for an additional one-point reduction, the sentence must be affirmed because the District Court found that the sentence would “stand[]” even if that reduction were to apply. See United States v. Bermingham, 855 F.2d 925, 935 (2d Cir.1988) (“As long as the sentencing judge is satisfied that the same sentence would have been imposed no matter which of the two guideline ranges applies, the sentence should stand.”).
CONCLUSION
The July 17, 2008 second amended judgment of conviction is AFFIRMED.