17-714-cr
United States v. Smutek

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand eighteen.

PRESENT:   PETER W. HALL,
           CHRISTOPHER F. DRONEY,
                     *Circuit Judges*,
           TIMOTHY C. STANCEU,*
                     *Judge*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee*,

       v.                                                    No. 17-714-cr

ROBERT SMUTEK,

       *Defendant-Appellant*.

------------------------------------------------------------------------

| | |
|---|---|
| For Appellant: | Russell L. Penzer, Lazer, Aptheker, Rosella & Yedid, P.C., Melville, New York. |
| For Appellee: | Maurene Comey, Daniel B. Tehrani, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York. |

---

* Timothy C. Stanceu, Chief Judge, United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on February 17, 2017 is **AFFIRMED**.

Defendant Robert Smutek ("Smutek") owned and operated a website called Online Coral Calcium where he marketed and sold a variety of products, including mood enhancers, weight-loss supplements, and male enhancement products. Between 2009 and 2014, Smutek sold a mood enhancer called Potion 9. Potion 9 was a one ounce pink beverage that was advertised as inducing a feeling of euphoria. Potion 9 contained 1,4 butanediol, which was not listed as an ingredient on the product's label. 1,4 butanediol is an industrial solvent that is an analogue to the controlled substance gamma hydroxybutyric acid ("GHB"). *See* 21 C.F.R. § 1308.13; App'x at 1052–53. GHB is a substance commonly used on victims to facilitate sexual assault. App'x at 1052–53.

Smutek was charged with four counts of possessing and distributing 1,4 butanediol and one count of unlawful possession of a firearm. The four possession with intent counts were severed from the firearm count and tried before a jury. Smutek was convicted on all counts. The primary issue at trial was whether Smutek knew Potion 9 contained a controlled substance analogue. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

### I.    Substantial Evidence

Smutek argues that the government did not introduce sufficient evidence to prove he knew Potion 9 contained a controlled substance analogue or that he knew Potion 9 contained 1,4 butanediol. We review *de novo* sufficiency of the evidence claims. *United States v. Harvey*,

746 F.3d 87, 89 (2d Cir. 2014). In challenging the sufficiency of the evidence, the defendant "bears a 'heavy burden.'" *United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir. 2003) (quoting *United States v. McCarthy*, 271 F.3d 387, 394 (2d Cir. 2001)). A jury's verdict must be upheld if, viewing the evidence in the light most favorable to the government, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

To prove that a defendant knowingly manufactured, distributed, or possessed a controlled substance analogue, the government must prove beyond a reasonable doubt that (1) the defendant knew he was dealing with a controlled substance, i.e., a substance "actually listed on the federal drug schedules or treated as such by operation of the Analogue Act—regardless of whether he knew the particular identity of the substance" or (2) the defendant "knew the specific analogue he was dealing with, even if he did not know its legal status as a an analogue." *McFadden v. United States*, 135 S. Ct. 2298, 2305 (2015).

There is substantial evidence in the record that Smutek knowingly possessed and distributed a substance containing a controlled substance analogue. For instance, at the direction of law enforcement, Potion 9's manufacturer, Tayfun Karauzum ("Karauzum"), recorded a phone call with Smutek. Karauzum warned him that another Potion 9 distributor "got busted because Potion 9 had the 1,4 butanediol in it," to which Smutek responded, "No s**t, I thought he got rid of that product." App'x at 1608. Smutek expressed no surprise or concern that Potion 9 contained 1,4 butanediol, nor did he ask Karauzum any follow up questions about 1,4 butanediol in Potion 9. Rather, Smutek and Karauzum discussed repackaging Potion 9 and calling it "Tiger

3

Blood," so that they could keep selling Potion 9 while avoiding detection. *Id.* at 1609.

Smutek also suggested that Potion 9 could be used to facilitate sexual assault. On April 22, 2014, Smutek engaged in a vulgar conversation with a man named Karl Ulrich ("Ulrich") in which Smutek instructed Ulrich to use Potion 9 to engage in sexual acts with an unidentified female. At trial, Smutek acknowledged that he told Ulrich to give the woman Potion 9 because "[h]e's not the most handsome of people." *Id.* at 1260.

Smutek disagrees with the jury's assessment of his credibility, but that is not a basis to upset the jury's verdict. *United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149, 158–59 (2d Cir. 2008) ("In order to avoid usurping the role of the jury, courts must defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony when reviewing the sufficiency of the evidence." (internal citations and quotation marks omitted)). The jury reviewed the evidence and ultimately concluded that Smutek's explanations were not credible.

## II. Knowledge Instruction

Smutek argues that the district court committed plain error by crafting an instruction on proof of knowledge "almost verbatim" from the language in *McFadden v. United States*, 135 S. Ct. 2298 (2015). Appellant's Br. at 18. In his view, the language in that instruction likely confused the jury on what evidence the government was required to provide to demonstrate Smutek knew he was selling a controlled substance analogue or 1,4 butanediol.

Smutek, however, did not object to the instruction, and we thus review for plain error. *United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000). On plain error review, the defendant must show:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which

4

in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted). There was no error in the district court's instruction on proof of knowledge, much less plain error.

"[A] jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Bok*, 156 F.3d 157, 160 (2d Cir. 1998) (quoting *United States v. Dinome*, 86 F.3d 277, 282 (2d Cir. 1996)). We review "the instructions as a whole to see if the entire charge delivered a correct interpretation of the law." *United States v. Al Kassar*, 660 F.3d 108, 127 (2d Cir. 2011) (quoting *United States v. Bala*, 236 F.3d 87, 94–95 (2d Cir. 2000)). Reversal is required only if the "error was prejudicial or the charge was highly confusing." *United States v. Kopstein*, 759 F.3d 168, 172 (2d Cir. 2014) (quoting *Hudson v. New York City*, 271 F.3d 62, 67 (2d Cir. 2001)).

The district court correctly instructed the jury that the government was required to prove beyond a reasonable doubt that Smutek knew: (1) that Potion 9 contained a controlled substance analogue, even if he did not know the identity of the substance, or (2) that Potion 9 contained 1,4 butanediol, even if he did not know that 1,4 butanediol was a controlled substance analogue. *McFadden*, 135 S. Ct. at 2305.[1] These instructions were sufficient to adequately inform the jury of the law.

---

[1] Moreover, any perceived confusion attributed to this instruction did not affect Smutek's substantial rights. *See United States v. Marcus*, 560 U.S. 258, 262 (2010). As described, the government provided ample evidence supporting the jury's finding that Smutek knew Potion 9 contained a GHB analogue.

### III. Drug Quantity Calculation

Smutek submits that at sentencing the district court erroneously held him responsible for 200,000 bottles of Potion 9 containing 1,4 butanediol where the government only tested 45 of the Potion 9 bottles seized during the investigation.   Likewise, Smutek faults the government for not presenting evidence of who manufactured Potion 9 and whether the manufacturer's methods of production were constant or changed over time.

"When a district court makes a finding of fact with respect to the amount of drugs attributable to a defendant, we review that finding for clear error."   *United States v. Batista*, 684 F.3d 333, 344 (2d Cir. 2012) (quoting *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010)). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense," the Guidelines direct courts to "approximate the quantity of the controlled substance."   U.S.S.G. § 2D1.1 app. n.5.   The district court's drug quantity findings must be supported by a preponderance of the evidence.   *United States v. Jones*, 531 F.3d 163, 175 (2d Cir. 2008) ("[I]f the evidence—direct or circumstantial—supports a district court's preponderance determination as to drug quantity, we must sustain that finding.").

The district court's calculation of the amount of 1,4 butanediol Smutek was responsible for possessing and distributing is not clearly erroneous.   Smutek testified that Karauzum sold him approximately 140,000 bottles between 2011 and 2014 and a "couple of hundred thousand" bottles in total.   App'x at 1214–15.   Smutek testified that he understood that Karauzum manufactured Potion 9 and that Karauzum was his only supplier.   Every bottle of Potion 9 the government tested contained 1,4 butanediol.   Smutek's correspondence, moreover, demonstrated that he began selling Potion 9 because it contained the same ingredients and induced the same effects as Bliss

6

Shots and Koi Bombs. Furthermore, Smutek reported experiencing the same effects from Potion 9 over the approximately five years he sold the product. This evidence adequately supports the district court's conclusion that all 200,000 bottles of the Potion 9 Smutek purchased and distributed between 2009 and 2014 contained 1,4 butanediol.

## IV. Obstruction Enhancement

Citing *United States v. Dunnigan*, 507 U.S. 87 (1993), Smutek argues that the district court erred by failing to make specific findings that he acted with the specific intent to obstruct justice. He contends that by opining that Smutek buried his head in the sand regarding whether Potion 9 contained 1,4 butanediol, the district court merely found that Smutek's behavior was negligent or reckless.

"We review *de novo* a ruling that the established facts constitute obstruction of justice, giving 'due deference to the district court's application of the [G]uidelines to the facts.'" *United States v. Agudelo*, 414 F.3d 345, 348 (2d Cir. 2005) (quoting *United States v. Lincecum*, 220 F.3d 77, 80 (2d Cir. 2000)). Section 3C1.1 of the Guidelines provides for a two-level increase in the defendant's offense level when:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]

U.S.S.G. § 3C1.1. Perjury can be the basis for an obstruction enhancement. *United States v. Dunnigan*, 507 U.S. 87, 93–94 (1993). To enhance a defendant's sentence for perjury, the district court must find that "the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v.*

7

*Zagari*, 111 F.3d 307, 329 (2d Cir. 1997). A perjury enhancement applies to intentional false testimony rather than false testimony that is a result of "confusion, mistake, or faulty memory." U.S.S.G. § 3C1.1 app. n.2. When imposing a perjury enhancement, the district court is not required to use particular language or "magic words." *United States v. Dundon*, 349 F. App'x 588, 590 (2d Cir. 2009) (summary order) (citing *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008)). Rather, a district court may impose a perjury enhancement by making "a general finding of obstruction that tracks those factual predicates necessary to support a finding of perjury." *United States v. Shonubi*, 998 F.2d 84, 88 (2d Cir. 1993) (citing *United States v. Dunnigan*, 507 U.S. 87 (1993)).

Contrary to Smutek's arguments, the district court made detailed findings supporting its conclusion that Smutek willfully provided false testimony in an attempt to contradict key components of the government's evidence. Specifically, the district court outlined three instances where Smutek offered false testimony, including: (1) Smutek's explanation of his conversation with Ulrich; (2) Smutek's explanation of his advice to a prospective customer that he or she research GHB, GBL, and 1,4 butanediol to reproduce the effects of Bliss Shots and Koi Bombs; and (3) Smutek's reasoning for disregarding Karauzum's warning that Potion 9 contained 1,4 butanediol. With respect to each aspect of Smutek's testimony, the district court also gave reasons why it concluded Smutek's testimony was a calculated effort to mislead the jury rather than the result of confusion, mistake, or faulty memory.

The district court's comment that Smutek buried his head in the sand regarding whether Potion 9 contained 1,4 butanediol was not directed at Smutek's trial testimony or its perjury findings. Rather, this statement was in response to Smutek's statement at sentencing that he

8

regretted being willfully blind to Potion 9's ingredients. Nothing in the district court's response to Smutek's plea for leniency, moreover, undercuts its conclusion that Smutek willfully provided false testimony. The obstruction enhancement was not premised on a general finding that Smutek lied about knowing Potion 9 contained 1,4 butanediol. Rather, the district court pointed to specific false statements that Smutek made in an effort to contradict key components of the government's case.

## V. Ineffective Assistance of Counsel

Finally, Smutek argues he was denied effective assistance of counsel at trial because counsel did not object to the district court's knowledge instruction or call an expert witness to testify that Potion 9's listed ingredients produced the effects Smutek observed.

When confronted with an ineffective assistance claim on direct appeal, we may: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before [the Court]." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). The Supreme Court has emphasized that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the district court is the "forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

As discussed, Smutek did not suffer prejudice from his counsel's failure to object to the district court's knowledge instruction. The district court's knowledge instruction accurately and unambiguously set out the applicable law. *See Strickland v. Washington*, 466 U.S. 668, 694

9

(1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

We decline, however, to adjudicate Smutek's ineffective assistance claim premised on his counsel's failure to call an expert witness.   At this juncture, we are not satisfied that the "factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is 'beyond any doubt' or 'in the interest of justice.'"   *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (quoting *United States v. Khedr*, 343 F.3d 96, 102 (2d Cir. 2003)).

## VI.    Conclusion

We have considered Smutek's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10