17-3329-cr
*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand nineteen.

PRESENT:
> AMALYA L. KEARSE,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

—————————————————————————

United States of America,

> *Appellee*,

> v.                                                                    17-3329-cr

Tameen Johnson, AKA Nitty,

> *Defendant-Appellant.*

—————————————————————————

FOR DEFENDANT-APPELLANT:          Tameen Johnson, pro se, Waymart, PA.

FOR APPELLEE:                     Carina H. Schoenberger (Wayne A. Myers, *on the brief*), Assistant United States Attorneys of Counsel; Grant C. Jaquith, United States Attorney for the

1

Northern District of New York,
Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Tameen Johnson ("Johnson"), proceeding *pro se*, was convicted after a jury trial of possession of a firearm following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He now appeals, raising three principal arguments challenging the validity of his conviction and also arguing that his sentence of 235 months' imprisonment is procedurally infirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Conviction

Johnson first raises a sufficiency challenge. While we review a challenge to the sufficiency of evidence *de novo*, a defendant challenging the sufficiency of the evidence faces a "heavy burden," and a conviction will be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014) (internal quotation marks omitted). "[W]e view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010) (internal quotation marks omitted). Under such review, the Government's evidence was sufficient with respect to Johnson's conviction. Among other things, the jury

2

reviewed a video showing Johnson selling a firearm to a confidential informant and explaining how to use it, still images from the video showing Johnson holding the firearm, and the firearm itself. Although Johnson argues there was insufficient evidence presented at trial that he possessed the firearm named in the indictment, a "Hi-Point," because the firearm entered into evidence was marked "S&W," the evidence at trial included the testimony of two ATF Special Agents who identified the firearm entered into evidence, with that S&W marking, as a JPC-model Hi-Point firearm. Based on this evidence, a rational juror could have found that the weapon entered into evidence was the one named in the indictment and that Johnson was guilty of possessing that weapon.

Johnson next challenges the district court's admission of evidence regarding a second, uncharged firearm. "We review a district court's evidentiary rulings deferentially, reversing only for abuse of discretion." *United States v. Dupree*, 706 F.3d 131, 135 (2d Cir. 2013). "A district court abuses its discretion when '(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.'" *Id.* (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)). A district court may exclude relevant evidence on the basis of prejudice pursuant to Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403.

Here, the district court reasonably concluded that the probative value of the evidence regarding the second, uncharged weapon outweighed its prejudicial effect. The existence of the second firearm was emphasized during testimony elicited by the defense. Absent images

3

showing the second firearm, the jury might have believed that the witness's memory was faulty regarding the firearm that was the subject of the indictment.   Furthermore, the prejudicial effect was limited, as the jury had already heard evidence indicating multiple weapons were present on the premises.   Accordingly, the district court's decision to admit the evidence was "located within the range of permissible decisions."   *Dupree*, 706 F.3d at 135 (internal quotation marks omitted).

Finally, Johnson argues that the investigation which led to his arrest required prior judicial authorization and that the recordings created by a confidential informant, who was acting under the direction of government agents, were improperly presented to the grand jury and at trial.   But, contrary to Johnson's claim, warrantless electronic monitoring and recording of communications with the consent of one party is not a violation of Title III.   *See* 18 U.S.C. § 2511(2)(c) (interceptions by a person acting under the color of law not prohibited where "one of the parties to the communication has given prior consent to such interception"); *see also United States v. Barone*, 913 F.2d 46, 49 (2d Cir. 1990).   There was no evidence of intercepted communications in violation of Title III presented in Johnson's case, either before the grand jury or at trial.

## II.   Sentence

We may review the sentence imposed by a district court for both substantive and procedural reasonableness.   *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).   Here, however, Johnson makes arguments only as to procedural error.   "A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory.   *Id.* at 190 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).   "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."   *Gall*, 552 U.S. at 49.

The district court did not err in applying an offense-level enhancement for offenses involving a weapon with an obliterated serial number. *See* U.S.S.G. § 2K2.1(b)(4). The evidence at trial showed that the weapon Johnson sold to the informant had been altered to obliterate the weapon's serial number. Pursuant to Application Note 8, this enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." *Id.* at Application Note 8(B). To the extent Johnson takes issue with the district court's consideration of his possession of a gun with an obliterated serial number despite the lack of any reference to that obliterated serial number in his indictment, the district court properly found at sentencing that the serial number on the gun was obliterated. *See United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005) ("[T]he sentencing judge [is] entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence.").

The district court also properly adjudicated Johnson an armed career criminal under the Guidelines. Under the Armed Career Criminal Act ("ACCA"), "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both" is subject to a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that, as relevant here, "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). In *Johnson v. United States*, 559 U.S. 133 (2010), the Supreme Court held that the term "physical force" in this definition "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140; *see also Stokeling v. United States*, 139 S. Ct. 544, 553 (2019) ("[T]he force necessary

5

to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*.").

Johnson argues that his prior New York conviction for attempted third-degree robbery, in violation of New York Penal Law ("NYPL") § 160.05, does not qualify as a predicate offense under the ACCA and, by extension, the armed career criminal guideline. *See* U.S.S.G. § 4B1.4. The New York robbery statute defines robbery as "forcible stealing" and states that a "person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of . . . preventing or overcoming resistance to the taking of property," compelling someone to deliver the property, or engaging in other conduct that aids the larceny. NYPL § 160.00. Under NYPL § 160.05, a person commits third-degree robbery by "forcibly steal[ing] property" without additional aggravating factors. *Id.* § 160.05.

Johnson's argument is squarely foreclosed by our recent decision in *United States v. Thrower*, in which we held that a New York conviction for attempted robbery in the third degree categorically constitutes a violent felony under the ACCA. 2019 WL 385652 at *4 (2d Cir. Jan. 31, 2019). There we determined that "[b]y its plain language, the New York robbery statute matches the ACCA definition of a 'violent felony,'" as it includes the term "physical force" as it has been defined at common law. *Id.* at *3; *see also Stokeling*, 139 S. Ct. at 555 ("[T]he term 'physical force' in ACCA encompasses the degree of force necessary to commit common-law robbery."). Furthermore, New York's stringent test for attempt requires "that a person be so 'dangerously near' forcibly stealing property 'that in all reasonable probability' she would have completed the robbery but for interference." *Thrower*, 2019 WL 385652 at *4. Accordingly,

6

we find no error in the district court's conclusion that Johnson's New York conviction for attempted robbery in the third degree required that he be sentenced under the armed career criminal guideline.

**III.  Ineffective Assistance of Counsel**

To the extent Johnson seeks to preserve his ineffective assistance of counsel claim, we have expressed a preference to hear such claims on collateral review, to permit the record to be "adequately developed to allow us to decide" it.  *See United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004); *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003).  We express no view as to the merits of this claim, and Johnson may, if he wishes, present his claim of ineffective assistance of counsel in a properly filed 28 U.S.C. § 2255 motion.

We have considered all of Johnson's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7